UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PLAINTIFF WALDEN STRUCTURES, INC.,<br><br>Plaintiff,<br>v.<br><br>T.B. PENICK & SONS, INC., *et al.*,<br><br>Defendants. | Case No: 13-CV-0470 W (JMA)<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR STAY [DOC. 5]** |

Pending before the Court is Defendants motion to dismiss or stay. [Doc. 5.] Having read the papers, and good cause appearing, the Court **GRANTS IN PART** Defendants' motion.

I. BACKGROUND

In March 2011, Defendants T.B. Penick & Sons, Inc. ("Penick") and Plaintiff Walden Structures, Inc. ("Walden") entered into an agreement ("Agreement") whereby Walden agreed to manufacture and place module buildings on San Clemente Island, Naval Base Coronado, California, for the Department of Navy ("Project"). (*Defs.' NOL* [Doc 5-2] Ex. A Penick's State Court Complaint 11:¶12.) On October 15, 2012,

Penick filed an action in state court to resolve various disputes regarding the Agreement and the Project ("state action"). (*Declaration of Katherine Knudsen* [Doc. 5-1] ¶ 3, 4.)

On December 3, 2012, Walden and the other named defendants filed an answer as well as a cross-complaint against Walden ("state cross-complaint"). (*Knudsen Decl.* ¶ 5); (*Defs.' NOL* [Doc. 5-2] Ex. B.) On January 7, 2013, Penick filed its answer to the cross-complaint. (*Knudsen Decl.* ¶ 5.) Since then, the parties have conducted various forms of written discovery "and are currently working on discovery disputes." (*MTD* 3-4); (*Knudsen Decl.* ¶ 7.) In addition, the parties had a mediation scheduled for June 11, 2013 and have a April 11, 2014 trial date. (*Knudsen Decl.* ¶ 7.)

On February 27, 2013, Walden filed a complaint in this Court, alleging five separate causes of action ("federal Complaint"). (*Federal Complaint* [Doc. 1] ¶¶17-41.) Four of the five causes of action in the federal Complaint are identical to the causes of action Walden alleges in its state cross-complaint. (*Knudsen Decl.* ¶ 9); (*Federal Complaint* ¶¶ 17-22; 32-41); (*State Cross-Complaint* ¶¶16-31); (*Opp'n* 5 n. 4). The only additional claim contained in the federal Complaint is for enforcement of a bond issued pursuant to the federal Miller Act. (*Knudsen Decl.* ¶10); (*Federal Complaint* ¶¶ 23-31.) At the time of this order, no answer has been filed and no other motions have been filed in the federal case.

## II. LEGAL STANDARD

The Colorado River abstention doctrine authorizes a district court, for reasons of wise judicial administration and in extraordinary and exceptional circumstances, to stay or dismiss a case where a duplicate or parallel state case is pending. <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 818 (1976). A court deciding whether abstention in favor of parallel state proceedings is appropriate may consider the following nonexclusive factors: (1) whether the state or federal court has assumed jurisdiction over a res (real property); (2) the relative convenience of the

forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls the decision on the merits; (6) whether the state proceeding is adequate to protect the federal plaintiff's rights; and (7) whether the parties have engaged in forum shopping. Id. at 818–19; Travelers Indem. Co. V. Madonna, 914 F.2d 1364, 1371 (9th Cir. 1990).

### III. ANALYSIS

#### A. Substantial Similarity

The threshold inquiry under Colorado River is whether a parallel state court action is pending. "Exact parallelism" is not required; it is enough if the two proceedings are "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1417 (9th Cir. 1989).

Defendants claim that the instant case "is nearly identical to and therefore sufficiently 'parallel'" to the state action because "the two proceedings involve the exact same set of facts, arise out of the same Project, and aside from Walden's Miller Act claim in the Federal Complaint action, involve identical causes of action." (*MTD* 6-7.) Plaintiffs do not dispute this contention, and the Court agrees. (*Opp'n* 5 n. 4 ("For the purposes of this analysis, Plaintiff agrees with Defendants that the Federal Action and State Court Action are "substantially similar.")); See Interstate Material Corp. v. City of Chicago, 847 F. 2d 1285, 1288 (7th Cir 1988) ("A suit is 'parallel" when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.")

#### B. Colorado River Abstention

As an initial matter, the Court finds, and the parties agree, that factors one, two, and seven do not apply to this case. Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1 , 23-24 (1983) (explaining that "federal courts are not to use the various identified factors as a 'checklist'"); (*MTD* 7 n. 2); (*Opp'n* 6.)

Both parties agree that the state complaint and federal Complaint overlap except for the Miller Act cause of action. (*MTD* 8); (*Opp'n* 5 n. 4.) Therefore, if litigation continues in both state and federal court, then two separate courts will be deciding identical claims. In light of this unnecessary and potential contradictory redundancy, this Court finds that proceeding on to the preliminary stages of the federal case while state litigation approaches trial would waste both the parties' time and expenditures and the resources of the respective fora. Thus, factor three, avoiding piecemeal litigation, weighs heavily in favor of abstention. American International Underwriters, Inc. v. Continental Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.").

Factor four, concerning priority, is particularly relevant given that (1) the state court action was initiated in October 2012, (2) litigation in that case has been on going and substantial, and (3) the matter has been set for trial in April 2014. (*Knudsen Decl.* ¶¶ 3-5, 7). In contrast, Walden filed this federal action in February 2013 and no deadlines leading to trial have been set. Therefore, this factor weighs in favor of staying the proceedings. See Moses H. Cone, 460 U.S. at 21 (stating "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions").

The fifth factor also weighs in favor of abstention because four of the five causes of action in the federal Complaint are governed by state law. Moreover, liability for the sole federal claim, under the Miller Act, is completely derivative of liability under state law claims. U.S. ex rel. Aurora Painting, Inc. V. Fireman's Fund Ins. Co., 832 F.2d 1150, 1156 (9th Cir. 1987). Therefore, state law, not federal, "provides the rule of decision on the merits" in this case. Moses H. Cone, 460 U.S. at 23.

Finally, the sixth factor favors abstention as well, since Walden's right to recover under its Miller Act claim will not be impinged upon by a state court decision on the merits of his state law claims. See Aurora Painting, 832 F.2d at 1152-53.

Given this analysis, and in light of Penick's concession that dismissal of this case is inappropriate (*Reply* 2:17-24), stay of the instant case pending resolution of the state court action is the best at this stage of litigation. The Court is aware of the limited application of the Colorado River doctrine. Moses H. Cone, 460 U.S. at 23–24 (stating "federal courts may not abstain when there is identical, concurrent state litigation, except in truly exceptional cases"). However, the Court holds the exceptional circumstances presented here warrant invocation of Colorado River abstention.

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** the motion and orders this civil action **STAYED** pending resolution of the related civil action pending in state court. The Court **FURTHER ORDERS** the parties to report to the Court on the status of that litigation by October 1, 2013.

**IT IS SO ORDERED.**

DATED: July 23, 2013

_____
Hon. Thomas J. Whelan
United States District Judge